In re:

James Fredrick Miller
 Debtor

Case No. 26-00680-MJC

Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5

Date Rcvd: May 04, 2026

User: AutoDocke

Form ID: pdf002

Page 1 of 3

Total Noticed: 42

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 06, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | James Fredrick Miller, 955 Main St Apt B, Peckville, PA 18452-2172 |
| 5787613 | + | Christopher Carfagno Esq, Pressler, Felt & Warshaw LLP, 7 Entin Rd, Parsippany, NJ 07054-5020 |
| 5787616 | | Dinesh Goyal, PO Box 1010, Evansville, IN 47706-1010 |
| 5787622 | + | James Miller, 716 Rt 434, Shohola, PA 18458-3720 |
| 5787628 | | Mission Lane Credit Card, Attn: Bankruptcy, 200 14th Ave E, Sartell, MN 56377-4500 |
| 5787629 | | Officer, Managing, or General Agent, OneMain Financial, PO Box 1010, Evansville, IN 47706-1010 |
| 5787632 | + | Oportun/Progreso Financial, PO Box 560910, The Colony, TX 75056-0910 |
| 5787635 | | The Bank of Missouri, Attn: Bankruptcy, 275 Battery St Fl 23, San Francisco, CA 94111-3305 |
| 5787638 | | US Attorney for the PA Middle District, William J. Nealon Federal Building, 235 N Washington Ave Ste 311, Scranton, PA 18503-1533 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5787611 | | Email/Text: BNBSB@capitalsvcs.com | May 04 2026 18:59:00 | CCS/Bryant State Bank, Attn: Bankruptcy Dept, PO Box 215, Bryant, SD 57221-0215 |
| 5787612 | | Email/Text: BNBSB@capitalsvcs.com | May 04 2026 18:59:00 | CCS/Bryant State Bank, PO Box 5161, Sioux Falls, SD 57117-5161 |
| 5787640 | | Email/Text: cfcbackoffice@contfinco.com | May 04 2026 19:00:00 | Verve, 4550 New Linden Hill Rd #400, Wilmington, DE 19808 |
| 5787614 | | Email/Text: customercareus@creditcorpsolutionsinc.com | May 04 2026 18:59:00 | Credit Corp Solutions, 121 W Election Rd, Draper, UT 84020-7720 |
| 5787610 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | May 04 2026 19:04:37 | Capital One, PO Box 31293, Salt Lake City, UT 84131-0293 |
| 5787615 | | Email/Text: bankruptcydpt@mcmcg.com | May 04 2026 19:00:00 | Credit One Bank N.A., Attn: Bankruptcy, PO Box 939069, San Diego, CA 92193-9069 |
| 5797466 | | Email/Text: ECMCBKNotices@ecmc.org | May 04 2026 19:00:00 | ECMC, PO Box 16408, St. Paul, MN 55116-0408 |
| 5787617 | + | Email/Text: ECMCBKNotices@ecmc.org | May 04 2026 19:00:00 | Educational Credit Management Corp, 111 S Washington Ave, Suite 1400, Minneapolis, MN 55401-6800 |
| 5787620 | | Email/Text: BNSFS@capitalsvcs.com | May 04 2026 18:59:00 | FSB Blaze, Attn: Bankruptcy, PO Box 5096, Sioux Falls, SD 57117-5096 |
| 5787618 | + | Email/PDF: MerrickBKNotifications@Resurgent.com | May 04 2026 19:04:32 | Fingerhut, 6250 Ridgewood Rd, Saint Cloud, MN 56303-0820 |
| 5787619 | ^ | MEBN | May 04 2026 18:55:28 | Fortiva Credit Card, Attn: Bankruptcy, 200 14th Ave E, Sartell, MN 56377-4500 |
| 5787621 | | Email/Text: sbse.cio.bnc.mail@irs.gov | May 04 2026 19:00:00 | IRS, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5789448 | | Email/Text: JCAP_BNC_Notices@jcap.com | May 04 2026 19:00:00 | Jefferson Capital Systems, LLC, PO BOX 7999, |

| | | | | |
|---|---|---|---|---|
| | | | | SAINT CLOUD, MN 56302-9617 |
| 5787623 | | Email/Text: JCAP_BNC_Notices@jcap.com | May 04 2026 19:00:00 | Jefferson Capital Systems, 200 14th Ave E, Sartell, MN 56377-4500 |
| 5787624 | + | Email/Text: JCAP_BNC_Notices@jcap.com | May 04 2026 19:00:00 | Jefferson Capital Systems, 200 14th Ave East, Sartell, MN 56377-4500 |
| 5787625 | + | Email/PDF: resurgentbknotifications@resurgent.com | May 04 2026 19:04:34 | LVNV Funding LLC, PO Box 1269, Greenville, SC 29602-1269 |
| 5787626 | | Email/PDF: resurgentbknotifications@resurgent.com | May 04 2026 19:04:38 | LVNV Funding LLC, C/O Resurgent Capital Services, PO Box 10466, Greenville, SC 29603-0466 |
| 5788333 | | Email/PDF: resurgentbknotifications@resurgent.com | May 04 2026 19:04:33 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5791556 | | Email/PDF: MerrickBKNotifications@Resurgent.com | May 04 2026 19:04:38 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 5787627 | | Email/Text: bankruptcydpt@mcmcg.com | May 04 2026 19:00:00 | Midland Credit Management, 350 Camino de la Reina, San Diego, CA 92108-3007 |
| 5798629 | + | Email/Text: bankruptcydpt@mcmcg.com | May 04 2026 19:00:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 5787630 | | Email/PDF: cbp@omf.com | May 04 2026 19:04:42 | OneMain Financial, PO Box 1010, Evansville, IN 47706-1010 |
| 5787631 | | Email/PDF: cbp@omf.com | May 04 2026 19:04:37 | OneMain Financial, 239 Northern Blvd, Suite 1, S Abington Twp, PA 18411-9302 |
| 5793637 | + | Email/PDF: cbp@omf.com | May 04 2026 19:04:39 | OneMain Financial Group, LLC, PO Box 3251, Evansville, IN 47731-3251 |
| 5787634 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | May 04 2026 19:04:43 | Portfolio Recovery Associates, Attn: Bankruptcy, 120 Corporate Blvd Suite 100, Norfolk, VA 23502 |
| 5787633 | ^ | MEBN | May 04 2026 18:55:45 | Pathward NA/Oportun, 2 Circle Star Way, San Carlos, CA 94070-6200 |
| 5791614 | | Email/Text: bnc-quantum@quantum3group.com | May 04 2026 19:00:00 | Quantum3 Group LLC as agent for, Credit Corp Solutions Inc, PO Box 788, Kirkland, WA 98083-0788 |
| 5787636 | | Email/PDF: resurgentbknotifications@resurgent.com | May 04 2026 19:04:39 | Total Card Bank of Missouri, Resurgent Correspondence, Attn: Bankrupt, PO Box 1269, Greenville, SC 29602-1269 |
| 5787637 | + | Email/Text: bankruptcydepartment@tsico.com | May 04 2026 19:00:00 | Transworld Systems Inc, 500 Virginia Dr, Suite 514, Fort Washington, PA 19034-2733 |
| 5787639 | | Email/Text: edbknotices@ecmc.org | May 04 2026 18:59:00 | US Department of Education, 400 Maryland Ave SW, Washington, DC 20202-0001 |
| 5787641 | | Email/Text: bk@avant.com | May 04 2026 19:00:00 | WebBank/Avant, 222 N La Salle St Ste 1700, Chicago, IL 60601-1101 |
| 5787642 | + | Email/Text: documentfiling@lciinc.com | May 04 2026 18:59:00 | Xfinity, 1128 Commerce Blvd, Dickson City, PA 18519-1688 |
| 5787643 | | Email/Text: documentfiling@lciinc.com | May 04 2026 18:59:00 | Xfinity, PO Box 21129, Eagan, MN 55121-0129 |

TOTAL: 33

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2026      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 4, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Carlo Sabatini | on behalf of Debtor 1 James Fredrick Miller usbkct@bankruptcypa.com kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptcypa.com;sabatini.carlob107053@notify-prod.bestcase.com;ashley.bankruptcypa.com@recap.email |
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>James Miller | CHAPTER 13<br><br>CASE NO.<br><br>_____ ORIGINAL PLAN<br>__1st__ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>__0__ Number of Motions to Avoid Liens<br>__1__ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [X] Included | [ ] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid _____$0.00_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is __$18,360.00__ , plus other payments and property stated in § 1B below:

| Start<br>mm/yyyy | End<br>mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/2026 | 03/2029 | $510.00 | $0.00 | $510.00 | $18,360.00 |
| | | | | Total Payments: | $18,360.00 |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ___X___ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is ___$0.00___ . (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions. Check one.**

___ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

__X__ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| OneMain Financial | 1372 | $84.80 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

__X__ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

_X_ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| OneMain Financial | 2017 Kia Forte | $8,480.00 | 4.75% | $8,816.02 | Plan |

**F.** **Surrender of Collateral.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS.**

**A.** **Administrative Claims**

1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. **Attorney's fees.** Complete only one of the following options:

   a. In addition to the retainer of _____ already paid by the Debtor, the amount of _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ _less than $5,500.00_ This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors consistent with the priority scheme established in this plan.

3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   _X_ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B.** **Priority Claims (including certain Domestic Support Obligations)**

Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will

be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS - 2022 | $1,233.32 |
| IRS - 2024 | $748.50 |
| IRS - 2025 | $762.00 |

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

        X    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        X    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

        X    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*    **See § 9.**

    __plan confirmation.
    __entry of discharge.
    __closing of case.

7. **DISCHARGE: (Check one)**

    ( x )    The debtor will seek a discharge pursuant to § 1328(a).

    ( )    The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Pre-Confirmation Distributions listed in ¶ 2.A
Level 2: Debtor's Attorney's Fees in ¶ 3.A.(2)
Level 3: Domestic Support Obligations
Level 4: Amounts listed in ¶ 2.E, pro rata
Level 5: Amounts listed in ¶ 2.C, pro rata. If a claim is filed the allowed amount of the arrearage shall be paid.
Level 6: Amounts listed in ¶ 2.D, pro rata

Level 7: <u>Amounts listed in ¶ 4.A, pro rata</u>
Level 8: <u>Priority amounts of non-Level 3 allowed claims listed in ¶ 3.B, pro rata</u>
Level 9: <u>General unsecured claims</u>

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9.  **NONSTANDARD PLAN PROVISIONS**

    **A. Vesting of Property.** Property of the estate vests in the debtor on confirmation, except for any asset that Debtor acquires post-confirmation and discloses on Schedule A/B, which vests upon discharge.

  Dated: <u>May 4, 2026</u>        _____
                                      Attorney for Debtor

                                      _____
                                      Debtor

                                      _____
                                      Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.